IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 10-752 |
| JOSEPH BROCK : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                 **November 18, 2022**

On March 1, 2021, Defendant Joseph Brock filed a pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A), arguing his 255-month sentence would be lower if it was imposed today. Because Brock's sentence would be no different and he fails to show a sufficient basis for the relief sought, his motion shall be denied.

**BACKGROUND**

Between the hours of 1 a.m. and 2:30 a.m. on October 3, 2010, Brock robbed three businesses at gunpoint in Northeast Philadelphia. First, Brock robbed the Lukoil convenience store located at 12001 Roosevelt Boulevard, stealing $400 from the cash register. He then robbed a Wawa at 151 Byberry Road, seizing $659 from two employees. Finally, Brock entered the 7-11 at 1910 Welsh Road and approached an employee who was cleaning the grill with a knife. When the employee failed to drop the knife fast enough in response to Brock's command, he fired his gun into the floor behind the counter where the employee was standing. Brock then stole $300 and 30 packs of cigarettes. When two responding police officers confronted him as he was fleeing the 7-11, one of the officers ordered Brock to freeze. Instead of complying, Brock ran at the

1

officer, who then fired two shots while the other officer fired three. Crim. Compl. 2-3, ECF No. 1. Brock escaped on foot and was apprehended later in the month.

Brock was charged by Indictment with three counts of robbery interfering with interstate commerce in violation of 18 U.S.C. § 1951(a) (Hobbs Act robbery), three counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Indict., ECF No. 2. On May 10, 2011, Brock pled guilty before Judge Petrese Tucker[1] to Counts 1, 3, 5, 6 and 7 pursuant to a plea agreement with the Government, with the understanding that Counts 2 and 4 would be dismissed at sentencing. Gov't's Change of Plea Mem. 1-2., ECF No. 19. In so doing, Brock pled guilty to three counts of Hobbs Act Robbery (Counts 1, 3, 5), one count of using and carrying a firearm during and in relation to a crime of violence (Count 6), and one count of possession of a firearm by a convicted felon (Count 7). *Id.* On October 24, 2011, the Court sentenced him to 120 months' imprisonment on Counts 1, 3, 5, and 7, and a consecutive term of 135 months' imprisonment on Count 6, for a total term of 255 months as well as five years of supervised release. The Court also ordered Brock to pay a special assessment of $500 and $1,746.90 in restitution. Judgment, 2. ECF No. 29. At the time of sentencing, Brock was 21 years of age.

**DISCUSSION**

In filing this motion under 18 U.S.C. § 3582(c)(1)(A), Brock seeks to invoke a rare exception to the general rule that a court "may not modify a term of imprisonment once it has been imposed." *Dillon v. U.S.*, 560 U.S. 817, 819 (2010); 18 U.S.C. § 3582(c). Under § 3582(c)(1)(A),

---

[1] This case was reassigned to the undersigned on August 5, 2022, following Judge Tucker's retirement from the bench.

such an exception may apply "in any case" where the court, " … upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, … after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent they are applicable," … "finds that – (i) extraordinary and compelling reasons warrant such a reduction," … "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Brock argues an extraordinary and compelling reason for sentence reduction is present in his case because the First Step Act of 2018 eliminated so-called "stacked sentences" under 18 U.S.C. § 924(c) (using and carrying a firearm during and in relation to a crime of violence).[2] Def's Mem. in Supp. of § 3582 Mot. to Reduce Sent., 5-6, ECF No. 38.  Brock acknowledges he did not receive a "stacked sentence" for multiple violations of § 924(c) because of his plea.  Nevertheless, because of "the very real threat of stacked sentences totaling a mandatory minimum of 57 years, plus an additional 84-105 months under the Guidelines," Brock contends he would have been offered a more favorable plea agreement if he was to be sentenced today.  *Id.*  Brock further argues his good conduct, completion of vocational training, youthful age at the time he committed the crimes, and offer of employment upon release, all warrant reduction of his sentence and early

---

[2]  At the time Brock committed the robberies in this case, each additional § 924(c) count carried a 25-year mandatory minimum sentence, even though all three violations were being prosecuted at the same time. *See* 18 U.S.C. § 924(c)(1)(C)(i)(2006). *See also U.S. v. Davis,* 139 S. Ct. 2319, 2324, n.1 (2019) (citing *Deal v. U.S.*, 508 U.S. 129, 133-34 (1993) (holding § 924(c) sentencing enhancement for subsequent conviction of carrying firearm during crime of violence was applicable to second through sixth of six counts on which defendant was found guilty in single proceeding).  With the 2018 First Step Act amendment, a prior conviction must have become final prior to the commission of the instant offense to trigger the mandatory, 25-year sentencing enhancement of § 924(c)(1)(C)(i). *See* First Step Act, § 403(a); *U.S. v. Davis*, 139 S. Ct. 2319, 2324, n.1 (2019).

release from prison. *Id.* 7-8. Brock's motion fails because the Third Circuit has already considered, and rejected, this argument.

In *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021), the defendant challenged a 312-year term of imprisonment which resulted from a stacked sentence under § 924(c)(1)(C)(i).[3] Like Brock, Andrews argued the sentencing changes in the First Step Act constitute an extraordinary and compelling reason for compassionate release under § 3582. *Id.* at 258. In considering the issue, the Third Circuit noted that in enacting the First Step Act, Congress had specifically decided to not make the § 924(c) changes retroactively applicable. *Id.* at 261. Further, the Court reasoned: "considering the length of a statutorily-mandated sentence as a reason for modifying a sentence would infringe on Congress's authority to set penalties." *Id.* Hence, "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance …" and "[t]he nonretroactive changes to the § 924(c) mandatory minimums also cannot be a basis for compassionate release." *Id.* Because *Andrews* is binding on this Court, Brock's motion to reduce his term of incarceration on the grounds of the § 924(c)(1)(C)(i) amendment is unavailing.[4]

Brock advances several other "extraordinary and compelling" reasons to grant early release which the Court also considers. As noted, the statute allows a Court to grant a sentence reduction if "after considering the factors set forth in § 3553(a) … it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Nunez*, 483

---

[3] 307 of those years resulted from Andrews' conviction of 13 armed robberies for which he received the 25-year sentencing enhancement of § 924(c)(1)(C)(i) twelve times. *See Andrews*, 12 F.4th at 257.

[4] What's more, as he admits, because Brock pled guilty to just one of the § 924(c)(1) counts and the other two were dismissed pursuant to his plea agreement with the Government, he was **not** given the 25-year sentencing enhancement. His argument fails for this reason as well.

F. Supp. 3d 280, 284-285 (E.D. Pa. 2020). The *Andrews* decision is also noteworthy for its holding that the existing Sentencing Commission Policy Statement for § 3582(c)(1)(A) contained in the Commentary to U.S.S.G. § 1B1.13, is not binding on the courts where, as here, a compassionate release motion is made by the defendant himself. *Andrews*, 12 F.4th at 259. The Policy Statement, however, "still sheds light on the meaning of extraordinary and compelling reasons," given the "commonplace of statutory interpretation that 'Congress legislates against the backdrop of existing law.'" *Andrews*, 12 F.4th at 260 (quoting *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 139 S. Ct. 1881, 1890 (2019)). Hence, while the courts are free to interpret the meaning of "extraordinary and compelling" for themselves, the existing Policy Statement may be considered for guidance. *Id.* The Policy Statement provides several examples of what may constitute extraordinary and compelling reasons, including terminal illness, serious physical or medical condition, serious functional or cognitive impairment, and deteriorating physical or mental health due to aging that substantially diminishes the defendant's ability to care for himself within the prison environment. Commentary Application Note 1(A). Additional pertinent factors arise where the defendant is at least 65 years old, has served at least 10 years or 75% of the sentence and is (1) experiencing a serious deterioration in mental and/or physical health as a result of age, (2) where the caregiver of a defendant's minor children dies or becomes incapacitated, or (3) a defendant's spouse or registered partner becomes incapacitated and the defendant is that person's only available caregiver. Brock has not pled or shown any of these circumstances, and therefore they do not support his motion for early release. Brock only submits he has served more than 10 years, during which he has had relatively good conduct. Def's Mem. in Supp. of § 3582 Mot. to Reduce Sent., 7. ECF No. 38. He admits he was involved in a few altercations early in his incarceration, but has had no disciplinary citations for the past several years. *Id.* Brock has held steady employment

5

in the prison's electric shop since 2018 and has been a reliable worker. *Id.*, Ex. 2. Brock has also completed 10 educational/vocational courses and has fulfilled his drug treatment requirements. *Id.* Brock asserts he has demonstrated that he is now a mature and rehabilitated individual who is ready to re-enter society as a productive member of the community. *Id.* at 7-8. If released, Brock will live with his cousin's family in Warminster, PA and will have employment with a roofing company in Huntington Valley. *Id.,* Ex. 3.

The Court recognizes and commends Brock for his personal growth, increased maturity and all he has learned and accomplished over the course of his incarceration. While these efforts do militate in favor of release, rehabilitation of the defendant alone does not constitute an extraordinary and compelling reason under § 3582(c). 28 U.S.C. §994(t); U.S.S.G. § 1B1.13 (Policy Statement), Application Note 3.

The Court must consider the same factors which are examined in sentencing under 18 U.S.C. § 3553(a). Of relevance here are: the nature and circumstances of the offense and history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to future criminal conduct, and to protect the public from further crimes of the defendant. § 3553(a)(1) – (2). The Court observes Brock was convicted of three armed robberies over the course of a few hours, in one of which he deliberately fired his weapon into the floor near a victim for the sole reason that the victim did not immediately respond to Brock's command. Brock then disobeyed two police officers when they told him to drop his weapon, and charged at them instead. As a result, both officers fired their weapons to defend themselves. Brock then fled the scene and remained at large for several weeks before he was finally apprehended. Obviously,

the nature and circumstances of Brock's criminal conduct is highly egregious and worthy of a significant term of imprisonment.

Although Brock was only 20 years old at the time he committed these offenses, he received a very favorable plea agreement inasmuch as he could have received an additional 50 years' imprisonment without it. The sentence imposed on Brock thus recognized his youth, but was also clearly designed to promote respect for the law, deter such future behavior and protect the public. The Court finds these factors weigh strongly against granting Brock's application for early release and outweigh his other arguments. Therefore, in the exercise of its discretion, the Court will deny his motion for early, compassionate release.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez

_____

Juan R. Sánchez,       C.J.