IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 10-752 |
| v. | : | |
| | : | CIVIL ACTION |
| JOSEPH BROCK | : | NO. 16-2519 |

<u>MEMORANDUM</u>

**Judge Juan R. Sánchez** **March 14, 2024**

Defendant Joseph Brock has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his conviction and sentence for using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). Brock argues that, following the Supreme Court's decision in *United States v. Johnson*, 576 U.S. 591 (2015), the predicate offense for his § 924(c) conviction – Hobbs Act robbery – does not qualify as crimes of violence and therefore his conviction and sentence violate his due process rights. Because the Third Circuit has now joined the "unanimous Circuit authority" holding Hobbs Act robbery *is* a crime of violence, *United States v. Stoney*, 62 F. 4th 108, 112-13 (2023), Brock's motion shall be denied.

**FACTUAL BACKGROUND**

Brock was charged in an Indictment on November 18, 2010 with three counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), three counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). These charges arose out of Brock's gunpoint robberies of three convenience stores in Northeast Philadelphia between the hours of 1:00 a.m. and 2:30 a.m. on October 3, 2010. When an employee of one of

1

the stores failed to respond quickly enough to one of Brock's commands, he fired his gun into the floor behind the counter where the employee was standing. And when two responding police officers ordered Brock to freeze as he was fleeing a 7-Eleven store, instead of complying, Brock ran at them, prompting the officers to fire shots. Brock nevertheless escaped on foot and was not apprehended until several weeks later.

On May 10, 2011, pursuant to a plea agreement with the Government, Brock pled guilty to three counts of Hobbs Act Robbery (Counts 1, 3, 5), one count of using and carrying a firearm during and in relation to a crime of violence (Count 6), and one count of possession of a firearm by a convicted felon (Count 7). *Id.* On October 24, 2011, the Court sentenced him to 120 months' imprisonment on Counts 1, 3, 5, and 7, and a consecutive term of 135 months' imprisonment on Count 6, for a total term of 255 months, followed by five years of supervised release.

On May 20, 2016, Brock, represented by the Federal Community Defender Office, filed the instant § 2255 motion premised on the then-recent *Johnson* decision in which the Supreme Court invalidated the "residual clause" in the definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and violative of due process. *See Johnson*, 576 U.S. at 597, 606. Brock contended *Johnson* also applied to the similarly-worded residual clause in the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B), and thus the predicate offense for his § 924(c) conviction, Hobbs Act robbery, no longer qualified as a crime of violence under the statute. Brock's motion was placed in civil suspense while the issues raised therein were under consideration by the appellate courts. With the issuance of the decision in *Stoney*, the motion is now properly removed from suspense and adjudicated.

2

**DISCUSSION**

Under 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside, or correct the sentence if it was imposed in violation of the Constitution or laws of the United States, if the court was without jurisdiction to impose the sentence, if it exceeded the maximum allowed by law, or if it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to § 2255(b), a district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case *conclusively show* that the prisoner is entitled to no relief." *United States v. Scripps*, 961 F.3d 626, 631-32 (3d Cir. 2020) (citation omitted). In evaluating whether a hearing is necessary, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). While the threshold for obtaining an evidentiary hearing on a § 2255 motion is "reasonably low," *United States v. Booth,* 432 F.3d 542, 546 (3d Cir. 2005) (citation omitted), "vague and conclusory allegations" in the motion "may be disposed of without further investigation by the District Court." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Because it is clear from the record of this case that Brock is not entitled to any relief, an evidentiary hearing is not necessary.

Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence.'" *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019) (quoting § 924(c)(1)(A)). A "crime of violence" is a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

3

18 U.S.C.§ 924(c)(3).

*Davis* was decided while Brock's § 2255 motion was pending. Following the same reasoning it used in *Johnson* and *Sessions v. Dimaya*, 584 U.S. 148 (2018) which invalidated the strikingly similar residual clause of 18 U.S.C. § 16,[1] the Supreme Court likewise found § 924(c)(3)(B) to be unconstitutionally vague. *Davis*, 139 S. Ct. at 2325-26, 2336. This means that after *Davis*, to uphold a conviction and sentence under § 924(c)(1), the predicate crime must be a categorical "crime of violence" pursuant to the "elements" clause of § 924(c)(3)(A). *See Stoney*, 62 F.4th at 111 n.2. ("[N]ow, only § 924(c)(3)(A), the 'elements clause' contemplates whether a felony offense qualifies as a crime of violence."). *Stoney*, in turn, considered the same issue raised here by Brock: whether completed Hobbs Act robbery requires proof of "the use, attempted use, or threatened use of physical force," and is thus "categorically a crime of violence under § 924(c)(3)(A), " and held that it is. *Id.* at 113-14 (quoting § 924(c)(3)(A)). Brock's § 924(c) conviction and sentence therefore remain valid, and his motion shall be denied.

Finally, in view of the unanimity of Circuit authority on this point, Brock cannot show and has not shown reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong. Accordingly, there are no grounds to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate Order follows.

---

[1] 18 U.S.C. § 16 defines "Crime of Violence" for purposes of many federal statutes to mean:

> (a) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

BY THE COURT:

/s/  Juan R. Sánchez

―――――――――――――――――
Juan R. Sánchez,            J.